**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**ANAEL CASTRO-HERNANDEZ**                                        **PLAINTIFF**
**ADC #159201**

**V.**                              **NO. 2:25-cv-00110-LPR-ERE**

**AUNDREA CULCLAGER,** *et al.*                                   **DEFENDANTS**

## ORDER

Remaining Defendants Kimberly Snow, connie Hubbard, and Estella Bland

have filed a motion for summary judgment, a brief in support, and a statement of

undisputed facts arguing that they are entitled to judgment as a matter of law on Mr.

Castro-Hernandez's claims against them.[1] *Docs.48, 49, 50. Pro se* plaintiff Anael

Castro-Hernandez has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations

and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that

Mr. Castro-Hernandez's response should include his legal arguments, as well as

affidavits,[2] jail records, or other evidence to show that there is a genuine issue of

material fact that must be resolved at a hearing or trial.

---

[1] The Court previously dismissed Mr. Castro-Hernandez's claims against Aundrea
Culclager, Christopher Budnick, Brandon Davis, and Martha Block. *Doc. 33*.

[2] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2)
executed under penalty of perjury, as provided for by 28 U.S.C. § 1746. Additionally, the affidavit
must be based upon the personal knowledge of the person executing the affidavit. The Court may

In addition, pursuant to Local Rule 56.1,[3] Mr. Castro-Hernandez must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Castro-Hernandez's statement of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendants' statement of undisputed facts. *Doc. 50*. If Mr. Castro-Hernandez disagrees with any of the facts in Defendants' statement of undisputed facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support their version of the disputed fact. If Mr. Castro-Hernandez relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Castro-Hernandez's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

---

not consider an affidavit unless it meets these requirements.

[3] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

1. Mr. Castro-Hernandez has until and including **June 8, 2026**, to file: (1) a response to Defendants' motion for summary judgment; and (2) a separate statement of disputed facts. As to any filing, Mr. Castro-Hernandez should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2. Mr. Castro-Hernandez is advised that the failure to timely and properly file a response and a statement of disputed facts may result in: (1) all the facts in Defendants' statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

So Ordered 19 May 2026.

_____
UNITED STATES MAGISTRATE JUDGE